UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    24-cr-117 (LAP)
        -v.-                         :
                                     :    ORDER
JOHN MATTERA,                        :
                                     :
            Defendant.               :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

**I.  The Government's Motion to Preclude the Licensing
     Agreement**

The Government moves to preclude Defendant from presenting
evidence or making arguments concerning a licensing agreement
(the "Licensing Agreement") executed between PreIPO and a trust
that the defendant controlled, Testudo Trust LLC.  (Dkt. no. 54
at 27.)  In particular, the Government seeks to prevent Defendant
from presenting evidence that he is not criminally liable because
he was entitled—or thought he was entitled—to investor funds
pursuant to the Licensing Agreement.  (See id.)  In opposing the
Government's motion, Defendant argues that he should be permitted
to offer the Licensing Agreement into evidence to demonstrate he
believed he had the authority to act in accordance with its terms,
in order to negate his alleged criminal intent.  (Dkt. no. 56 at
4.)

The Court precludes Defendant from presenting evidence or
argument regarding the Licensing Agreement under Federal Rule of
Evidence 401.  First, Defendant's claim of entitlement to investor
funds pursuant to the Licensing Agreement is wholly irrelevant

to the truth or falsity of his representations to investors.  The Indictment alleges that as part of a scheme to defraud, Defendant misled investors as to his involvement in PreIPO, his securities fraud history, and how investors' funds would be spent.  (Dkt. no. 2 ¶ 1.)  Defendant's claim of right to investor funds does not bear on the truth or falsity of his representations regarding his involvement, history, and the use of investor funds.

Second, the Licensing Agreement is not probative of any relevant intent of Defendant.  Even assuming the Licensing Agreement is relevant to Defendant's good faith in accepting payments from PreIPO, it is entirely irrelevant to the intent at issue in this case—Defendant's intent to defraud investors.  The fact that Defendant may have in good faith believed that he was entitled to certain investor funds pursuant to a private contract is irrelevant to his intent to defraud investors by allegedly concealing his involvement in PreIPO and his history and lying about what PreIPO would do with investor funds.  See United States v. Blake, 558 F. App'x 129, 130 (2d Cir. 2014) ("[A] claim of right to funds obtained through a false statement is not a defense negating fraudulent intent.").  Put another way, even if Defendant genuinely believed the Licensing Agreement was a legitimate vehicle that required PreIPO to pay him money, the Licensing Agreement is not probative of Defendant's intent in misrepresenting his involvement in PreIPO, his history, and PreIPO's use of investor funds.

The Court also precludes the Licensing Agreement under Federal Rule of Evidence 403 for the additional reason that it would likely result in an unnecessary, distracting, and time-consuming mini-trial, causing juror confusion. If the Court were to admit the Licensing Agreement, the Government would seek to prove that the Licensing Agreement was a sham agreement that Defendant used to facilitate transfers from PreIPO to Testudo Trust LLC. (See dkt. no. 54 at 33.) Argument between the parties regarding the legitimacy of the Licensing Agreement would needlessly distract from the elements of the charged offenses, potentially confuse the jurors, and certainly waste trial time.

Accordingly, the Government's motion to preclude Defendant from introducing evidence or argument regarding the Licensing Agreement is GRANTED.

## II. Government's Motion to Preclude Defendant's Presence-of-Counsel Defense

Next, upon recently learning of defense counsel's plan to argue that Defendant acted in good faith because he interacted with a lawyer during the alleged scheme, the Government moves to preclude Defendant from presenting an advice-of-counsel or presence-of-counsel defense. (Dkt. no. 60 at 1.)

Defendant is hereby precluded from presenting an advice-of-counsel or presence-of-counsel defense and from arguing that he acted in good faith because of his interactions with counsel. As a threshold matter, Defendant failed to notice any such defense

by the Court-ordered deadline of August 14, 2025. (See dkt. no.
43.)  In addition, defense counsel's disclosure related to a
presence-of-counsel defense was insufficient.  The Government
reports that on October 3, 2025, defense counsel outlined four
topics counsel intends to raise at trial related to this defense.
(See dkt. no. 60 at 2.)  But the Government has not received any
further detail on these topics, reciprocal discovery, or Rule
26.2 material. (See id.)  This form of disclosure is plainly
inadequate.  See United States v. Bankman-Fried, No. S5 22-CR-
0673 (LAK), 2024 WL 477043, at *2 (S.D.N.Y. Feb. 7, 2024)
(requiring Defendant to make an offer of proof outside the
presence of the jury where Defendant only "identified the general
subjects on which he proposed to testify" regarding his knowledge
of the involvement of counsel and "did not specify the substance
of the proposed testimony").

Even casting these notice and disclosure defects aside,
Defendant's attempt to introduce evidence establishing that he
acted in good faith because of his interactions with counsel
impermissibly presents an advice-of-counsel defense without
meeting the required elements and risks confusing the jury.  An
advice-of-counsel defense requires a party to establish "that he
(1) 'honestly and in good faith' sought the advice of counsel;
(2) 'fully and honestly la[id] all the facts before his counsel';
and (3) 'in good faith and honestly follow[ed]' counsel's advice,
believing it to be correct and intending that his acts be lawful."

<u>United States v. Colasuonno</u>, 697 F.3d 164, 181 (2d Cir. 2012) (citation omitted).   Where a defendant disclaims any formal advice-of-counsel defense, courts in this district consider the proffered testimony primarily under Federal Rules of Evidence 401 and 403.   See <u>Bankman-Fried</u>, 2024 WL 477043, at *3.   Here, the Court concludes that a "jury could easily believe that the fact that a lawyer [was] present . . . means that he or she must have implicitly or explicitly 'blessed' the legality" of the transactions.   <u>S.E.C. v. Tourre</u>, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).   Such a misunderstanding presents a risk of confusing the jury and prejudicing the Government by providing Defendant with "all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense." <u>Bankman-Fried</u>, 2024 WL 477043, at *3 (citation omitted).   "These concerns are more likely to warrant exclusion where . . . the proffered evidence is only collaterally related to the charged conduct and is thus minimally probative," <u>id.</u>, as is true here of evidence regarding counsel's advice as to the Licensing Agreement.

Accordingly, the Government's motion to preclude Defendant from presenting an advice-of-counsel or presence-of-counsel defense is GRANTED.

The Clerk of the Court shall close docket numbers 54, 56, and 60.

**SO ORDERED.**

Dated:    New York, New York
          October 7, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge